O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ALLIN JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M.D. BITER,<br><br>　　　　　Respondent. | Case No. CV 14-8257 CAS (JCG)<br><br>**ORDER DENYING MOTION FOR ASSIGNMENT OF COUNSEL, SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY** |

　　On October 24, 2014, the Court received a "Motion for Assignment of Counsel" ("Motion") from would-be federal habeas petitioner Kyle Allin Johnson ("Petitioner"), a California State prisoner proceeding *pro se*. [Dkt. No. 1.] In the Motion, Petitioner requests a court-appointed attorney to help him file a petition for writ of habeas corpus. (Mot. at 5.) However, Petitioner has not filed any such petition in this Court. Accordingly, and for the reasons discussed below, the Court will deny the Motion and dismiss this action, without prejudice, for lack of jurisdiction.

　　As a general matter, the exercise of federal jurisdiction under Article III of the Constitution depends on the existence of a case or controversy. *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993). In a state prisoner's

federal habeas action, the underlying "controversy" is whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998); 28 U.S.C. § 2254(a).  Here, because Petitioner has filed no federal habeas petition challenging his conviction or sentence, there is no case or controversy to be heard.  *See, e.g., Carr v. California*, 2013 WL 3053093, at *2 (C.D. Cal. June 14, 2013).  Accordingly, the Court lacks jurisdiction to consider Petitioner's Motion.  *See id.*

Notably, many federal district courts in California have reached the same conclusion on similar facts.  Often, a state prisoner will submit a pre-petition request to extend the one-year filing deadline set forth in 28 U.S.C.§ 2244(d)(1).  Courts routinely dismiss, for lack of jurisdiction, the actions commenced by such requests. *See, e.g., Ford v. Warden*, 2008 WL 2676842, at *1 (C.D. Cal. July 7, 2008).  An action commenced by a pre-petition motion for appointment of counsel, though less common, is similarly subject to dismissal for lack of jurisdiction, "with the important exception of [actions commenced by] death-row inmates who … move for appointment of counsel, as authorized by [18 U.S.C. § 3599(a)(2)], to aid in petition preparation."  *Thomas v. California*, 2010 WL 373664, at *2 (C.D. Cal. Jan. 28, 2010) (dismissing action commenced by would-be petitioner's request for appointment of counsel).

Here, Petitioner has not been sentenced to death. (*See* Mot. at 2.)  Thus, his pre-petition request for counsel fails to present a case or controversy over which the Court may exercise jurisdiction.  *See Thomas*, 2010 WL 373664, at *2.  Accordingly, the Court must dismiss this action.  *See id.*

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Court thus declines to issue a certificate of appealability.

///

For the foregoing reasons, **IT IS ORDERED** that:

1. The Motion be **DENIED**[1];

2. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and

3. A Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 4, 2014

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[1] The Court passes no judgment at this time as to whether any future action commenced by Petitioner may warrant appointment of counsel.

3